IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                            CAUSE NO. 1:19-CR-63-LG-JCG

**KELONDA ZANDERS**

<u>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**</u>

**BEFORE THE COURT** is the [225] Motion for Compassionate Release filed by the defendant, Kelonda Zanders. The basis for Zanders' Motion is based on the ongoing COVID-19 pandemic. She claims that she is at risk of severe illness if she were to contract COVID-19 due to her severe obesity, depressive disorder, and anxiety. She also asserts that she is likely to contract COVID-19 in prison due to the lack of sanitary measures and confined space. The Government opposes Zanders' Motion, arguing that she has failed to exhaust her administrative remedies.

A defendant must first satisfy one of the two exhaustion avenues before a court can consider a motion for compassionate release: (1) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Allen*, No. 1:15cr36-HSO-RHW-1, 2020 WL 3159180, at *2 (S.D. Miss. June 12, 2020); *United States v. Martin*, No. 3:16-CR-70-DPJ-LRA, 2020 WL 3065302, at *2 (S.D. Miss. June 9, 2020). The "lapse" language in the second exhaustion method applies only when the Bureau of Prisons ("BOP")

has failed to respond to a compassionate release request within 30 days of its submission. *Allen*, 2020 WL 3159180, at *2; *Martin*, 2020 WL 3065302, at *3. When an inmate's request is denied before the lapse of 30 days, she must fully exhaust administrative remedies before the Court may consider a motion to modify her sentence under the statute. In such cases, the defendant is subject to a four-step BOP grievance process. *See* 28 C.F.R. §§ 542.13-542.15; *see also Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019); *Allen*, 2020 WL 3159180, at *3.

Here, because Zanders has filed a request for a reduction in sentence to the BOP for relief, and the BOP denied Zanders' request (*see* Ex. D, at 2, ECF 225-5), Zanders must fully exhaust under the first exhaustion method. Thus, Zanders is subject to the four-step BOP grievance process and the Court may not modify her term of imprisonment until she has exhausted that process.[1]

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [225] Motion for Compassionate Release filed by the defendant, Kelonda Zanders, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 16th day of November, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Zanders requests the Court modify her sentence to home confinement, the Court must note that it lacks the authority to order home confinement. *See* 18 U.S.C. § 3621(b); *see also United States v. Adcock*, No. 3:19-CR-00106, 2020 WL 2043811, at *3 (W.D. La. Apr. 28, 2020).